THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD NOONAN, Defendant-Appellant.

(No. 55316;

First District—May 18, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Robert M. Gray and James N. Gramenos, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Terence J. Mahoney, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The trial court found Richard Noonan guilty of burglary and sentenced him to the penitentiary for not less than four nor more than ten years. The issue presented on appeal is whether the court erred in denying his motion to suppress incriminating statements made to police officers.

Noonan was discovered about 6:00 A.M. hiding in a closet in a first-floor apartment occupied by Christine Glover and five other women. Miss Glover opened the closet door, screamed and ran to the front door with Noonan pursuing her. Following a brief struggle with him she managed to open the door and reached the courtyard of the apartment building. The courtyard, which separated the building from the sidewalk, was enclosed by stone walls and an iron gate. In response to Miss Glover's outcry pedestrians gathered outside the gate. Seconds later Noonan came out of the door, looked at the stone walls and the people standing at the gate, and sat down on the front steps.

David Schwieger, a Chicago police officer, arrested Noonan. He noticed that a screen on a front window was broken and he found a shirt button and sunglasses belonging to Noonan in the apartment. While awaiting the arrival of the police car, Schwieger questioned Noonan after informing him he had the right to remain silent, that anything he might say could be used against him in court, that he had the right to consult an attorney before or during questioning, and that if he could not afford an attorney the State would provide one for him. Noonan replied that he knew his rights. He said he did not know why he was in the apartment.

Noonan was taken to the police station and was placed in a cell where he was questioned by two detectives. He was informed of the charges against him and again advised of his rights. After replying that he understood his rights he answered the questions asked of him. He stated that he entered the apartment for the purpose of stealing.

At the hearing on the motion to suppress, Noonan admitted that he had been informed of his rights on two occasions but he denied under-

standing all of them, stating that in the eleven hours before his arrest he had smoked one marijuana "reefer" and had drunk 20 bottles of beer and three or four shots of whiskey. He did not testify at the trial. In this court he argues that the State failed to establish that he knowingly and voluntarily waived his rights under the fifth and sixth amendments to the Constitution of the United States.

The arresting officer and the interrogating officers testified that Noonan was sober. They said there was no odor of alcohol on his breath, his eyes were neither glassy nor bloodshot, his speech was normal and he did not stutter nor slur his words. His hair was disarrayed and his shirt was torn, but these conditions could have come about from his struggle with Miss Glover. When the interrogating officers asked him if he understood his rights he replied that he did.

■■ The warnings given the defendant complied with the constitutional requirements set out in *Miranda v. Arizona* (1967), 384 U.S. 436. Whether he understood and waived them was a factual question, the answer to which depended upon the acceptance or rejection of the defendant's testimony or that of the police officers. The credibility and weight to be given to the testimony of witnesses is a matter to be determined by the trial judge. His determination will not be reversed unless it appears to be palpably erroneous. (*People v. Weller* (1970), 123 Ill.App.2d 421, 258 N.E.2d 806. *Cf. People v. Johnson* (1969), 112 Ill.App.2d 148, 251 N.E.2d 393.) On the basis of the evidence, the judge did not err in concluding that there was no infringement of the defendant's constitutional rights and that his admissions were voluntarily made.

The order denying the motion to suppress the incriminating statements and the judgment of conviction are affirmed.

Judgment affirmed.

McGLOON, P. J., and McNAMARA, J., concur.